Eastern Dist.
March, 1836.

MILNE
vs.
PONTCHARTRAIN
RAIL ROAD CO.

A promise made by a party to indemnify and save harmless a person, who at his request sleeps at and guards his store of nights, is binding, and will authorise a jury to give damages, sufficient to pay the expenses of a criminal prosecution incurred by this person, in consequence of his acceding to such promise.

---

### MILNE vs. PONTCHARTRAIN RAIL ROAD COMPANY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

When the charge of the inferior court is pertinent to the issue, and the law is correctly stated, it is no solid objection thereto, that it might have been misunderstood by the jury, and had a tendency to mislead them.

The party possesses the right, who is apprehensive the charge of the judge has been misunderstood by the jury, to apply to the court for a clearer exposition of his meaning.

This is an action for damages, and for the removal of incumbrances and nuisances, against the defendants as a corporate body.

The petitioner alleges he ceded and granted, in full right and title, to the defendants, on *certain specified conditions*, one hundred and fifty feet in width through his land, bordering on lake Pontchartrain, for the passage and termination of the rail road at said lake, to extend from his southern boundary, where the road enters it, to the *low water mark.* That, by the fifth and sixth conditions of said grant, the defendants were bound not to appropriate this land to any other use than the construction and carrying on of the rail road, and especially not to erect or build thereon any wholesale or retail stores, shops or taverns, or to rent and receive revenues therefrom.

The petitioner further alleges that the said rail road company has violated said conditions, by erecting houses and receiving revenues, and greatly injured and depreciated the value of his other property adjacent thereto, to his damage forty thousand dollars. That they have done further injury to his property, by digging ditches and drains on the streets in front, on each side of the road, and which they have refused to close or fill up, although requested by him to do so ; and have caused still further damage to him, by erecting houses, workshops, and other incumbrances on the streets in front of his lots, &c., to his further damage ten thousand dollars. He prays judgment for his damages, and for general relief, &c.

The defendants pleaded a general denial, and the prescription of one year.

The deed of grant from Alexander Milne to the rail road company, of the 18th August, 1829, and which was confirmed to said company after it was chartered, the 20th April, 1830, contains the following clauses :

"That he grants and transfers to the company, in consideration of the benefits he expects to derive from the passage of the road over his land, under the conditions and restrictions hereinafter expressed, whatever part of his said

EASTERN DIST.
March, 1836.

MILNE
vs.
PONTCHARTRAIN
RAIL ROAD CO.

lands it may be deemed advisable to locate, as may be comprehended and embraced in a breadth of one hundred and fifty feet, to extend from a point in his southern boundary, where the road shall enter, *and to continue to the low water side of said lake, and further to extend so far into said lake as may be required.* And it is expressly agreed by and between the said parties, that the foregoing grant, transfer and conveyance is made on condition : 1. That if the said road is not commenced within three years, and completed within five, this grant to be void. 2. That the land granted shall revert to the donor. 3. In case the road is not constructed within the time, or this agreement become void, the improvements, as far as made, shall be the property of the donor. 4. The company not to alienate the granted premises. 5. That the land thus granted shall not be used or appropriated to any other purpose than for the construction and carrying on the rail road. 6. That no part of this land, or buildings erected thereon, shall be used for the purpose of wholesale or retail stores, shops or taverns, nor rented to raise revenues or rents in any manner whatever. But the company is to have the privilege of constructing all necessary buildings for the use of the road, and to raise and make the road the proper level, and to repair the same, &c."

A plan of the town of Milneburg, which the plaintiff laid out at the lake, on both sides of the rail road, showing his lots and the situation of his property, was produced in evidence.

The plaintiff introduced witnesses who testified that the company built houses and dug ditches in the streets of the town laid out by him at the end of the rail road running into the lake. That these houses were in front of the lots of several proprietors who purchased from the plaintiff; and in consequence thereof, some of them were obliged to abandon the property, and refused payment. That the ditches were kept in a filthy state, and were a great nuisance.

It was also in proof, that the company had erected a hotel and other houses on the pier which they built into the lake, for which they were receiving rents and revenues. That the

Washington Hotel is built inside and near the low water <span style="float:right">EASTERN DIST.</span>
mark of the lake. <span style="float:right">*March*, 1836.</span>

The evidence also showed that the plaintiff had notified <span style="float:right">MILNE</span>
the company to remove the buildings and obstructions they <span style="float:right">*vs.*<br>PONTCHARTRAIN</span>
had put on the streets along side the road, and to fill up the <span style="float:right">RAIL ROAD CO.</span>
ditches thereon, which they failed to do. That he urged
the company to have the houses pulled down which were
situated in front of his property, and made propositions to
remove them out of his front to another part of his property,
where they might use them, which was refused.

At the close of the trial, when the cause was about to be
submitted to the jury, the parish judge charged them on
certain points as asked, and added, that "if the act of dona-
tion from the plaintiff to the defendants contains, on the part
of the plaintiff, the assumption of certain rights which he
did not actually possess, nevertheless, the receiving the
donation by the defendants was an acknowledgment of
those rights, and they are bound by the obligation they
entered into under such acknowledgment."

"The donor has the right to affix conditions to the dona-
tion, and the donee, by accepting the donation, contracts the
obligation of complying with the conditions."

This part of the charge was excepted to by the defendants.

The jury returned a verdict of five hundred dollars for the
plaintiff, upon which judgment was rendered. The de-
fendants appealed.

*Preston*, for the plaintiff, contended, that the instructions
and charge of the judge to the jury were in accordance with
law, and correct.

2. That the verdict of the jury was fully supported by the
evidence in the record.

*Peirce*, contra.

1. The charge of the judge is contrary to law.

2. The verdict of the jury is contrary to both the law and
evidence.

EASTERN DIST.
March, 1836.

MILNE
vs.
PONTCHARTRAIN
RAIL ROAD CO.

*Eustis,* on the same side, urged the following points :

1. The object of this suit is to reach the arch hotel built by the company on their wharf extending in the lake.   To this point the evidence was mainly directed.   There was a clause in the grant from Milne, that the rights of the company should extend so far into the lake as might be required ; and he contends that the inhibition to build taverns not only extended to the *land granted,* but to the land which the company might hereafter make in front of it in the lake.   The plaintiff did not choose to meet this question singly, but grouped two other causes of action with it, and had a general verdict of five hundred dollars upon all.

2. The hypothesis assumed, in the charge of the judge, that the " act of donation contained the assumption of rights which the donor did not possess," is contrary to the fact, for the donation contains nothing like it.   The defendants never acknowledged these rights ; the conditions and the acceptance were confined *to the land granted.*

3. The terms of the grant must be construed in favor of the defendants ; all limitations of estates or rights of property must be construed strictly.

4. In doubt, the construction is to be against the *stipulant* and in favor of the party *obligé.*

5. The space in the lake was not *the land granted.*   The space granted was not to be extended into the lake, but only part of it, sufficient for tracks of the rail road.

6. The intention of the parties is evident.   How could a road, extending one third of a mile into the lake, for the purpose of transporting passengers and freight, be made and used without affording accommodation for travellers.

7. The hypothesis of the judge was erroneously assumed. He is prohibited from touching facts in his charge, and cannot be allowed to state an hypothesis founded in law erroneously ; that is, assume one which is false, and yet, if he state the law abstractly correct, it shall be deemed no error.

8. If the hypothesis be of fact, the judge has no right to state it, except for the purpose of illustrating matters of law ;

and if it be of law, it is equally fatal. The judge, therefore, erred in assuming an abstract question of law. His charge was calculated to mislead the jury.

EASTERN DIST.
*March*, 1836.

MILNE
*vs.*
PONTCHARTRAIN
RAIL ROAD CO.

*Martin, J.*, delivered the opinion of the court.

In this case, the defendants are appellants from a judgment by which damages were recovered from them, for the breach of the conditions under which they accepted a certain donation of land from the plaintiff, and for certain alleged trespasses committed on the land of the plaintiff, contiguous to that which was the object of donation.

The only point submitted to this court by the appellants, arises out of a part of the charge of the parish judge, in which the jury were instructed, that if the act of donation contained the assumption of rights which the donor did not actually possess, the defendants were nevertheless bound by obligations entered into by them, under the acknowledgment of these rights ; that the donor might annex to the donation any condition he saw fit ; and the donees, by their acceptance of the donation with these conditions, were bound by the obligations which flowed from them.

The only objection made to this part of the charge is, that it had a tendency to mislead the jury. .

It appears to the court, that when the charge of the inferior court is pertinent to the issue, and the law is correctly stated, it is no solid objection thereto that it may be misunderstood by the jury and have a tendency to mislead them. We do not mean to be understood as denying the right to any party, who is apprehensive of the charge to the jury being misunderstood by them, to apply to the court giving the charge for a clearer exposition of its meaning.

*When the charge of the inferior court is pertinent to the issue, and the law is correctly stated, it is no solid objection thereto, that it might have been misunderstood by the jury, and had a tendency to mislead them.*

It is not denied, in this case, that the part of the charge of the court *a qua*, excepted to, was pertinent to the issue ; neither is it urged that it does not state the law correctly. On this view of the matter, we cannot disturb the verdict of the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

*The party possesses the right, who is apprehensive the charge of the judge has been misunderstood by the jury, to apply to the court for a clearer exposition of its meaning.*